[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PLAINTIFF'S MOTION TO MODIFY (#148)
On June 22, 1992 the plaintiff was ordered to pay $3,000 monthly child support for two children issue of his marriage to the defendant, which marriage was dissolved by decree entered May 4, 1987.
At the time the plaintiff filed his motion he alleged that his net weekly income was $1,485 and that he was informed his employment would terminate seven months hence. The plaintiff is an attorney. His "Financial Worksheets" dated June 17, 1992 lists "Net Income Before Taxes $14,831." No finding appears to have been made as to his net disposable income but two child support guideline worksheets filed on June 22, 1992 list plaintiff's net income as $3,577 and $3,309 weekly. The defendant's financial affidavit lists monthly net disposable income as $1,518 exclusive of child support.
The plaintiff did retire from his law firm but was able to secure employment with Pennsylvania Life Insurance Co., located in Raleigh, North Carolina, at an annual salary of $115,000. (Plaintiff's Exhibit #3). He is bonus and stock option eligible subject to approval.
The plaintiff received fringe payments totaling $95,562 paid in 1996, which the plaintiff testified were largely relocation expenses and the court accepts the explanation.
The plaintiff's financial affidavit filed on July 11, 1997 lists net weekly disposable income, after taxes and insurance CT Page 9968 premium deductions, of $1,575. The defendant lists net monthly disposable income of $1,611.88 on her affidavit dated July 11, 1997 which converts to $374.86 weekly. The combined net is $1,950, rounded to the nearest dollar, and exceeds the guidelines. The support prescribed at the $1,750 level is presumed to be the minimum that should be ordered in such cases, i.e., $480 for two children. The plaintiff's medical premium and the excess over $1,750 is treated by the court by rounding to $500.
The plaintiff's change in circumstances as discussed are substantial enough to give the court the opportunity to review the 1992 order. The court is satisfied that the child support order should be modified. The plaintiff's motion is granted. The plaintiff is ordered to pay $405 weekly child support which is 81% of the total support of $500.
The plaintiff brought the motion via a rule to show cause pursuant to § 52-50 which permits the court to consider an effective date from August 25, 1995, the date of service upon the defendant, § 46b-86. The plaintiff had partnership income from his law firm of $177,736. (Defendant's Exhibit D). As noted above, the plaintiff had extraordinary income in 1996, and was able to change employment without experience a hiatus of unemployment. The court orders that the new weekly child support order is effective as of January 3, 1997. A contingent wage withholding order is entered.
HARRIGAN, J.